UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHRISTOPHER A. ZAMBAS,

              Plaintiff,

-against-

JOSEPH EGITTO; KENT PRITCHARD; CARL CHU; KELLY MYERS; and DANIELLE CONDON,

              Defendants.

21-CV-10157 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action alleging that Defendants violated his rights under 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"), during his family court proceedings in the Dutchess County Family Court. By order dated December 9, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons set forth below, the Court dismisses the action.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

This action arises out of court proceedings in the Dutchess County Family Court ("Family Court"), concerning a temporary visitation agreement, affecting Plaintiff's visitation with his child. He names as Defendants Family Court Judge Joseph Egitto; Danielle Condon, the mother of his child; Kent Prichard, Condon's attorney; Carl Chu, the attorney for the child; and Kelly Myers, a New York State court employee. Plaintiff alleges that he has suffered emotional distress. He seeks: (1) shared custody of his child; (2) $80,000 in attorney's fees; (3) $15,000 in punitive damages; and (4) the recusal of all parties in the Family Court proceedings.

The following facts are taken from the complaint. In June 2020, the Family Court "limited [Plaintiff's] time with [his] child where [Plaintiff] didn't see [his child] for almost four months." (ECF 2, at 5.) This decision was issued "with a hearing, without parties present, and without evidence, violating the Fourteenth and Eighth Amendments." (*Id.*) Judge Egitto "made a determination that [Plaintiff] had some mental health issues, violating [the] Americans with Disabilit[ies] Act." (*Id.*) Judge Egitto also "signed a temporary order on June 12, 2020, under consent, and that the parties were present knowing that is false." (*Id.*) Plaintiff emailed the Family Court, stating that "what they were doing was illegal and "there was no consent," but the Family Court "ignored" his email. (*Id.* at 6.)

Plaintiff attaches to his complaint a signed "temporary order of parenting time," which suspends Plaintiff's parenting time temporarily and requires Plaintiff's visitation with his child to be supervised. (*Id.* at 17-18.) Plaintiff also attaches email correspondence between his lawyer and Defendants regarding this order. (*Id.* at 9-16.) Finally, Plaintiff attaches Defendant Pritchard's April 9, 2021, answer to a grievance that Plaintiff filed with the Grievance Committee for the Ninth Judicial District. (*Id.* at 21-23.)

## DISCUSSION

**A.     Judicial immunity**

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, as amended in 1996, Section 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles*, 502 U.S. at 9-10; *see also Bliven*, 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Plaintiff fails to allege any facts showing that Judge Egitto acted beyond the scope of his judicial responsibilities or outside his jurisdiction. *See Mireles*, 509 U.S. at 11-12. Because Plaintiff sues Judge Egitto for "acts arising out of, or related to, individual cases before him," he is immune from suit for such claims. *Bliven*, 579 F.3d at 210. The Court therefore dismisses Plaintiff's claims against Judge Egitto under the doctrine of judicial immunity and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the *in*

3

*forma pauperis* statute]."); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

**B.     Court employee immunity**

Plaintiff's claims against Kelly Myers also must be dismissed on immunity grounds. Judicial immunity has been extended to court employees and "others who perform functions closely associated with the judicial process" when they are performing discretionary acts of a judicial nature which are essential to the judicial process, such as filing court documents or managing a court's calendar. *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985); *see Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) (extending judicial immunity to state court clerks who were ordered by Appellate Division judges not to provide a litigant with documents and not to expand the record on appeal); *see, e.g.*, *McKnight v. Middleton*, 699 F. Supp. 2d 507, 526 (E.D.N.Y. 2010) ("Clerk's Office activities of filing and docketing legal documents" are an "integral part of the judicial process" and are generally entitled to absolute immunity).

Assuming Plaintiff brings claims against Myers for her role as a court employee assigned to his Family Court matter, any tasks she performed in that capacity are an integral part of the judicial process. Those claims, therefore, must be dismissed under the doctrine of judicial immunity and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); Mills, 645 F.3d at 177; *Montero*, 171 F.3d at 760.

**C.     Private parties**

A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531

U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Thus, "an attorney for the children or law guardian is not a state actor because he or she must exercise independent professional judgment on behalf of the clients they represent." *Parent v. New York*, 786 F. Supp. 2d 516, 538 (N.D.N.Y. 2011) (collecting cases), *aff'd*, 485 F. App'x 500 (2d Cir. 2012).

As Defendant Carl Chu, the attorney assigned to represent Plaintiff's child in Family Court proceedings, does not work for any state or other government body, Plaintiff has not stated a claim against him under Section 1983. Similarly, because Defendants Kenneth Pritchard and Danielle Condon are private parties who are not alleged to work for any state or other government body, Plaintiff has not stated a claim against these defendants. The Court therefore dismisses Plaintiff's claims against these three defendants for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.     Abstention**

Federal district courts must abstain from exercising federal-question jurisdiction of claims involving domestic-relations issues. *Deem v. DiMella-Deem*, 941 F.3d 618, 621-24 (2d Cir. 2019). Accordingly, "even if subject matter jurisdiction lies over a particular matrimonial action, federal courts may properly abstain from adjudicating such actions in view of the greater interest and expertise of state courts in this field." *American Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990).

Where a district court is "asked to grant a divorce or annulment, determine support payments, or award custody of a child," the court should abstain from exercising its jurisdiction over such a claim if "there is no obstacle to their full and fair determination in [the] state courts." *Id.* (internal quotation marks omitted); *see Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)

(recognizing a domestic relations exception to federal district courts' diversity jurisdiction of state-court claims involving divorce, custody, and support).

Plaintiff asserts claims under the Court's federal-question jurisdiction and asks this Court to issue a new custody order. Plaintiff does not allege any facts, however, suggesting that the Family Court proceedings denied him a "full and fair determination" of the 2020 decision to temporarily suspend his visitation. He instead *disagrees* with the Family Court decision to limit his visitation with his child. As the Family Court possesses a "greater interest and expertise" in adjudicating these custody and visitation issues, *American Airlines, Inc.*, 905 F.2d at 14, this Court must abstain from adjudicating such claims. Should Plaintiff seek modification of any custody or visitation agreement, he must pursue such relief in the Family Court.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   January 3, 2021
         New York, New York

                                                  /s/ Laura Taylor Swain
                                                  LAURA TAYLOR SWAIN
                                                  Chief United States District Judge