UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEAN MATTHEW FINNEGAN,

                              Plaintiff,

              -against-

DISTRICT OF COLUMBIA SUPERIOR
COURT; GREGORY MEIZ,

                              Defendants.

21-CV-10946 (LTS)

ORDER OF DISMISSAL AND
TO SHOW CAUSE UNDER
28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff filed this action *pro se*. The Court grants Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, but dismisses the complaint for the reasons set forth below.

### STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

### BACKGROUND

Plaintiff has named the District of Columbia Superior Court and Gregory Meiz as the defendants in this action. Plaintiff invokes the Court's federal question jurisdiction, and purports to assert a claim under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692(d). (ECF 2 ¶ II.) Plaintiff claims that Defendants:

are harassing and abusing the Plaintiff, as well as causing catastrophic personal and professional damages to the Plaintiff. The Plaintiff has filed dozens of cases, which the Defendants are tampering with and not allowing the Plaintiff to file. The Defendants have also denied a recent petition for name change, having knowledge that the Plaintiffs life was in imminent danger, causing the Plaintiff to remain a hostage and ensure the Plaintiff continues to suffer damages

(*Id.* ¶ III.)

Plaintiff further claims that Defendants are in "contempt" of an "active restraining order," and that he will be notifying "the court and police to issue arrest warrants for all parties involved." (*Id.* ¶ IV.) Plaintiff seeks $1 billion in damages and declaratory and injunctive relief. (*Id.* ¶ IV.)

## DISCUSSION

Under the IFP statute, a court must dismiss a case if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). A claim is "frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston*, 141 F.3d at 437 (internal quotation marks and citation omitted). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks).

Plaintiff brings claims under 15 U.S.C. § 1692d, a provision of the FDCPA, 15 U.S.C. § 1692. The FDCPA applies to consumer debt "arising out of . . . transaction[s] . . . primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5); *Polanco v. NCO Portfolio Mgmt., Inc.*, 930 F. Supp. 2d 547, 551 (S.D.N.Y. 2013) ("[T]he FDCPA is triggered when the obligation is a debt arising out of a consumer transaction").

2

In cases where the FDCPA applies, it prohibits deceptive and misleading practices by "debt collectors." 15 U.S.C. § 1692e. A debt collector is defined in § 1692a(6) as: (1) a person whose principal purpose is to collect debts; (2) a person who regularly collects debts owed to another; or (3) a person who collects its own debts, using a name other than its own as if it were a debt collector. *See also Henson v. Santander Consumer USA, Inc.*, 137 S. Ct. 1718 (2017) (holding that entities that regularly purchase debts originated by someone else and then seek to collect those debts for their own account are not necessarily debt collectors subject to the FDCPA).

The provision that Plaintiff invokes, section 1692d, provides that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Conduct in violation of the statute includes, among other examples and without limitation, using violence or the threat of violence or other criminal means; using obscene or profane language "the natural consequence of which is to abuse the hearer or reader"; publishing a list of consumers who refuse to pay debts; or "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass" the person called. 15 U.S.C. § 1692d.

The Court, after reviewing Plaintiff's complaint, finds that it lacks any arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Plaintiff purports to bring this action under the FDCPA against the District of Columbia Superior Court and an unidentified individual, Gregory Meiz. Plaintiff provides the same address for Meiz and the D.C. court. Plaintiff fails to state a claim under the FDCPA because he does not allege any facts suggesting that any defendant is a debt collector within the meaning of the FDCPA, or that he owed a debt to Defendants. Insofar as Plaintiff purports to assert an FDCPA claim against the District of

Columbia Superior Court and an individual associated with that court, there is no legal theory on which Plaintiff may rely, and he fails to state a claim on which relief may be granted. *See Livingston*, 141 F.3d at 437. The Court therefore dismisses Plaintiff's claim under the FDCA as frivolous and for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

Moreover, the exact degree of solicitude that should be afforded to a *pro se* litigant in any given case depends upon a variety of factors, including the procedural context and relevant characteristics of the particular litigant. *Tracy v. Freshwater*, 623 F.3d 90 (2d Cir. 2010). A *pro se* litigant who has previously brought a similar case may be charged with knowledge of particular legal requirements. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements).

Plaintiff has previously filed complaints in this Court asserting FDCPA claims. In orders dismissing those cases, the Court set forth the elements of an FDCPA claim and explained why Plaintiff had failed to state an FDCPA claim. *See, e.g., Finnegan v. Chase Bank*, ECF 1:21-CV-6103, 7 (LTS) (S.D.N.Y. Aug. 27, 2021); *Finnegan v. New York Police Dep't*, ECF 1:21-CV-5798, 6 (LTS) (S.D.N.Y. July 26, 2021). In light of this litigation history, this Court finds that Plaintiff was or should have been aware of the elements of an FDCPA claim when he filed this action.

## ORDER TO SHOW CAUSE

Since June 28, 2021, Plaintiff has filed ten *pro se* complaints in this Court, eight of which were dismissed as either frivolous or for failure to state a claim; the Court previously warned Plaintiff that further duplicative or frivolous litigation in this Court would result in an order barring him from filing new actions IFP without prior permission.[1] *See Finnegan v. Manhattan Mini Storage, LLC*, 1:21-CV-7354, 7 (LTS) (S.D.N.Y. Sept. 7, 2021) (listing prior cases and also noting that "available public records show that Plaintiff has filed dozens of actions in courts across the country.").

Plaintiff is therefore ordered to show cause why he should not be barred, under 28 U.S.C. § 1651, from filing any further actions in this Court IFP without first obtaining permission to file his complaint. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard."). Within thirty days of the date of this order, Plaintiff must submit to the Court a declaration setting forth good cause why an injunction should not be imposed upon him. If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does not set forth good cause why this injunction should not be entered, he will be barred from filing any further actions IFP in this Court unless he first obtains permission from this Court to do so.

## CONCLUSION

The complaint, filed IFP under 28 U.S.C. § 1915(a), is dismissed as frivolous and for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

---

[1] Plaintiff filed another new case on December 21, 2021. *Finnegan v. J.P. Morgan Chase*, ECF 1:21-CV-10954, 3 (LTS) (S.D.N.Y. Dec. 21, 2021) (directing Plaintiff to file an amended IFP application).

Plaintiff shall have thirty days to show cause by declaration why an order should not be entered barring Plaintiff from filing any future action IFP without prior permission. A declaration form is attached to this order.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:    January 3, 2021
          New York, New York

                                         /s/ Laura Taylor Swain
                                    _____
                                         LAURA TAYLOR SWAIN
                                    Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,  declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 10/3/16

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____

Executed on (date)                          Signature

_____

Name                                        Prison Identification # (if incarcerated)

Address                          City              State       Zip Code

_____

Telephone Number (if available)             E-mail Address (if available)